IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


FIRST TENNESSEE BANK, N.A.      )
                              )
      v.                    )       NO. 3:13-1155
                              )
ANGELA SANDERS             )


TO:  Honorable Todd J. Campbell, District Judge


## R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered December 11, 2013 (Docket Entry No. 7), this action was referred to the

Magistrate Judge to enter a scheduling order for the management of the case, to dispose or

recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to

conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure,

and the Local Rules of Court.

Presently pending before the Court is the motion to remand (Docket Entry No. 18) filed by

First Tennessee Bank National Association.  For the reasons set out below, the Court recommends

that the motion be granted and this action be remanded.


## I. BACKGROUND

On October 4, 2013, Plaintiff First Tennessee Bank National Association ("First Tennessee")

filed a forcible entry and detainer civil suit against Angela Sanders ("Sanders") in the General

Sessions Court for Wilson County, Tennessee, related to property located in Lebanon, Tennessee,

which was the subject of a foreclosure sale. On October 18, 2013, Sanders, acting pro se, removed the action to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332 after asserting that she is a "non-Tennessee resident," see Docket Entry No. 1, at 2, and, apparently, on the basis of federal question jurisdiction under 28 U.S.C. § 1331.[1] See Notice of Removal (Docket Entry No. 1). Attached to the notice of removal is an answer and counterclaim Sanders served upon First Tennessee in response to the state action in which she asserts defenses and claims based upon federal law. See Docket Entry No. 1-1, at 7-24.

Subsequent to removal of the action, a scheduling order (Docket Entry No. 10) has been entered, First Tennessee has filed an answer (Docket Entry No. 13) to the counter-claims asserted by Sanders, and the Clerk has denied Sanders's application for default judgment in the action. See Docket Entry No. 16.

By its motion for remand, First Tennessee disputes that this Court has jurisdiction over the instant action. First Tennessee contends that it is a national banking association that has its principal offices and place of business located in Memphis, Tennessee, and is therefore a citizen of Tennessee. First Tennessee asserts that it is uncontroverted that Sanders is a citizen of Tennessee, see Docket Entry No. 18, at 1, and thus, jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1) does not exist. First Tennessee also appears to argue that the issues raised in the action filed in state court address matters purely of state law that are properly within the purview of the state court.

---

[1] Although Sanders does not specifically refer to 28 U.S.C. § 1331 in the notice of removal, she asserts that jurisdiction is conferred upon the Court pursuant to four federal statutes, 18 U.S.C. § 1961, 12 U.S.C. § 2601, 12 C.F.R. § 226, and 15 U.S.C. § § 1962 et seq.

## II. ANALYSIS

"A state-court action may be removed to federal court if it qualifies as a civil action . . . of which the district courts of the United States have original jurisdiction . . . ." Rivet v. Regions Bank of La., 522 U.S. 470, 474, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998); Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). See also 28 U.S.C. § 1441(a). The removing party has the burden of establishing original federal jurisdiction. Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 871 (6th Cir. 2000); B & B Enters. of Wilson Cnty., LLC v. City of Lebanon, 422 F. Supp. 2d 903, 904-05 (M.D. Tenn. 2006). In reviewing a motion for remand, all questions of fact and ambiguities in the law will be resolved in favor of the non-removing party. See Coyne v. American Tobacco Co., 183 F.3d 488, 493 (6th Cir. 1999).

In the Notice of Removal filed by Sanders, she supports removal of the action by asserting that diversity of citizenship jurisdiction exists under 28 U.S.C. § 1332 and by asserting that the action presents a federal question, which would invoke federal question jurisdiction under 28 U.S.C. § 1331. The Court finds that the grounds for removal asserted by Sanders are unsupported and that the removal of this action was improper because subject matter jurisdiction does not exist over the removed action.

Sanders has not satisfied the diversity of citizenship requirement for the assertion of diversity jurisdiction under 28 U.S.C. § 1332. In her notice of removal, she merely asserts that she is a "non-Tennessee resident." It is entirely unclear to the Court what Sanders means by this assertion, but the mere assertion of the residency, or non-residency, of a party does not equate to the assertion of citizenship for the purposes of establishing a party's citizenship. See Wolfe v. Hartford Life & Annuity Ins. Co., 148 U.S. 389, 13 S. Ct. 602, 603, 37 L. Ed. 493 (1893); Certain Interested

Underwriters at Lloyd's v. Layne, 26 F.3d 39, 41 (6th Cir. 1994); Von Dunser v. Aronoff, 915 F.2d 1071, 1072 (6th Cir. 1990). Nowhere in her notice of removal does Sanders affirmatively assert that she is a citizen of a state other than Tennessee.[2] Indeed, she fails to assert that she is a citizen of any state whatsoever. Because of First Tennessee's status as a corporate citizen of Tennessee for the purposes of diversity, Sanders must show that she is a citizen of a state other than Tennessee. She has not done so, and thus she fails to satisfy her burden of establishing federal jurisdiction based on diversity of citizenship between the parties. See Anthony Marano Co. v. Sherman, 925 F. Supp. 2d 864, 866 n. 2 (E.D.Mich. 2013).

Further, the action filed by First Tennessee in the state court does not present a federal question. The forcible entry and detainer action is based solely upon state law and does not involve federal questions or a federal cause of action. As such, it is not an action that could have originally been filed in federal court. Although Sanders asserts affirmative defenses and counter-claims based upon federal law, her assertion of such defenses and counter-claims does not provide a basis supporting removal. See Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986) ("A defense that raises a federal question is inadequate to confer federal jurisdiction."); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831, 122 S.Ct. 1889, 153 L.Ed.2d 13 (2002) ("[A] counter-claim-which appears as part of the defendant's answer, not as part of the plaintiff's complaint-cannot serve as the basis for 'arising under' jurisdiction."); Chase Manhattan Mortg. Corp. v. Smith, 507 F.3d 910, 914-15 (6th Cir. 2007). It is well settled that grounds for removal of an action may be based only on the face of the underlying

---

[2] The Court further notes that Sanders provided a Tennessee mailing address, contends that she is the rightful owner and tenant of the property at issue, and stated in her application to proceed in forma pauperis that she was employed in Tennessee. See Docket Entry No. 2.

state court complaint which is sought to be removed.  <u>Caterpillar</u>, <u>supra</u>; <u>Collins v. Blue Cross Blue Shield of Mich.</u>, 103 F.3d 35, 36–38 (6th Cir. 1996).

28 U.S.C. § 1447(c) requires that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  <u>See also</u> Rule 12(h)(3) of the Federal Rules of Civil Procedure ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").  The arguments made by First Tennessee for remand have merit.

## RECOMMENDATION

Accordingly, the Court  RECOMMENDS that the pending motion to remand (Docket Entry No. 18) be GRANTED and that this action be summarily remanded back to the General Session Court for Wilson County, Tennessee, pursuant to 28 U.S.C. § 1447.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made.  Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation.  <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,


*Juliet Griffin*

JULIET  GRIFFIN
United States Magistrate Judge